UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELLEN ZAFFIS,

    Plaintiff,

vs.                                    Case No.: 6:06-cv-385-orl-31DAB

CITY OF ALTAMONTE SPRINGS, FLORIDA, a
Political subdivision of the State of Florida;
and DAVID ARCHAMBAULT, individually;

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELLEN ZAFFIS ("ZAFFIS") sues Defendants, CITY OF ALTAMONTE SPRINGS, FLORIDA, ("ALTAMONTE SPRINGS") a political subdivision of the State of Florida; and DAVID ARCHAMBAULT, ("ARCHAMBAULT") individually in his capacity as an Altamonte Springs Police Officer;

### PRELIMINARY STATEMENT

1. This is a civil action for compensatory and punitive damages and for declaratory and injunctive relief. Plaintiff ZAFFIS contends that through the use of excessive force, Defendant Officer ARCHAMBAULT, in his individual capacity, demonstrated a deliberate indifference to her safety and welfare and used excessive and unlawful force upon her person directly contributing to serious and severe life-threatening injuries and thereby causing permanent disfiguring and disabling Plaintiff ZAFFIS for the remainder of her natural life. The Defendants' deliberate actions and/or omissions resulted in Plaintiff ZAFFIS being permanently

disfigured and disabled in violation of the protections guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

2.  Plaintiff ZAFFIS maintains that the deprivations and violations of her constitutional rights were carried out pursuant to the rules, regulations, customs, policies, and practices of defendant ALTAMONTE SPRINGS and Officer ARCHAMBAULT in his individual capacity used excessive force, and that the named defendant Officer ARCHAMBAULT, acting under color of state law, knowingly caused Plaintiff ZAFFIS to be deprived of her federal constitutional rights.

3.  Plaintiff ZAFFIS requests this court to declare that the acts and/or omissions by Defendant Officer ARCHAMBAULT and Defendant ALTAMONTE SPRINGS were unconstitutional under the United States Constitution and by an award of compensatory and punitive damages, compensate her for the violations of her constitutional rights and deter the Defendants from further participation in such unconstitutional acts and/or omissions.

4.  Plaintiff ZAFFIS has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly the provisions of §768.28 of the Florida Statutes.

## JURISDICTION AND VENUE

5.  This action arises under and is brought pursuant to 42 U.S.C. §1983 and §1988, 28 U.S.C. §1343 and the Fourth and Fourteenth Amendments to the United States Constitution. to remedy the deprivation, under color of state law, of rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§2201 and 2202 and Federal Rules Civil Procedure, Rule 57.

7. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §§2283 and 2284 and Federal Rules Civil Procedure Rule 65.

8. This cause of action arose in the Middle District of Florida. Therefore, venue is proper under 28 U.S.C. §1391(b).

## THE PARTIES

9. Plaintiff ELLEN ZAFFIS is, and was at all material times, a citizen of the United States and a resident of the Seminole County, State of Florida.

10. Defendant, CITY OF ALTAMONTE SPRINGS, ("ALTAMONTE SPRINGS") a political subdivision of Seminole County, State of Florida;

11. Defendant, DAVID ARCHAMBAULT, ("ARCHAMBAULT") is an employee of Defendant ALTAMONTE SPRINGS as a police officer with the Altamonte Springs Police Department and was at all times referenced in the time period set forth in this Complaint.

## FACTS COMMON TO ALL COUNTS

12. On or about July 8, 2005, Plaintiff ZAFFIS lived at 605 Youngstown Parkway, Unit 39, Altamonte Springs, Florida. In response to a request to check on the well being of a resident at this address, Officers from Defendant ALTAMONTE SPRINGS were dispatched and directed to the residence of Plaintiff ZAFFIS. Altamonte Springs Police Officers Robert Ruiz, Jr., Mark Maupin, Daniel Smutz, Bryan Chancellor, Charles Grist and Defendant Officer DAVID ARCHAMBAULT responded to 605 Youngstown Parkway, Unit 39, Altamonte Springs, Florida.

13. Upon arriving at the residence of Plaintiff ZAFFIS, the Officers of Defendant ALTAMONTE SPRINGS gained entrance into Plaintiff ZAFFIS' apartment through the consent of a roommate of Plaintiff ZAFFIS who allowed the Officers of Defendant ALTAMONTE SPRINGS to enter.

14. Knowing the Officers of the Defendant ALTAMONTE SPRINGS had been summoned to her residence and not wanting to speak to the Officers of Defendant ALTAMONTE SPRINGS, Plaintiff ZAFFIS locked herself into her bedroom.

15. Once the Officers of the Defendant ALTAMONTE SPRINGS realized Plaintiff ZAFFIS had locked herself into her bedroom. Officer Ruiz demanded that Plaintiff ZAFFIS open the bedroom door to allow the Officers of Defendant ALTAMONTE SPRINGS to enter the bedroom. Plaintiff ZAFFIS did not want to speak to the Officers of the Defendant ALTAMONTE SPRINGS, so therefore refused to open her bedroom door.

16. As a result of her refusal to open her bedroom door, the Officers of the Defendant ALTAMONTE SPRINGS forcefully and violently kicked and broke in the door to Plaintiff ZAFFIS' bedroom. The actions of the Officers of the Defendant ALTAMONTE SPRINGS caused the bedroom door lock and frame to shatter, not allowing the bedroom door to close and lock.

17. Upon forcefully kicking and breaking in the bedroom door of Plaintiff ZAFFIS, the Officers of the Defendant ALTAMONTE SPRINGS found Plaintiff ZAFFIS sitting on her bed with her left leg resting on the floor next to her bed. The Officers of the Defendant ALTAMONTE SPRINGS noticed Plaintiff ZAFFIS was holding what appeared to be a handgun. Plaintiff ZAFFIS pointed the hand-gun at her own chest and stated she did not want to hurt anyone but just wanted the Officers to leave her bedroom and residence.

18. Officer Ruiz began to talk to the Plaintiff ZAFFIS in an attempt to reassure her of their intentions of entering her residence. Officer Ruiz positioned himself at the entrance to the doorway to Plaintiff ZAFFIS' bedroom, which was less than five- (5) feet from the edge of Plaintiff ZAFFIS' bed, where she was sitting.

19. At some point in time, during the negotiations with the Plaintiff ZAFFIS, the Officers on scene and in concert with Defendant Officer ARCHAMBAULT, devised a plan to deploy the use of a Sage SL6 Launcher in an attempt to subdue Plaintiff ZAFFIS. The Sage SL6 is described in manufacturer advertising, as looking like an M-16 on steroids. The Sage SL6 weighs 10 pounds and fires a champagne cork-shaped polyurethane projectile that travels at 240 feet per second. The Sage SL6 projectile is designed to be shot at large, muscular portions of the body such as the thighs and buttocks.

20. Defendant Officer ARCHAMBAULT should have received proper training and instruction that the Sage SL6 Launcher should only be deployed within a specifically designated safe distance so as not to critically or permanently injure and harm an individual who is shot by the Sage SL6 Launcher at close range. According to the Sage SL6 Launcher course lesson plan, an individual should only be shot with no more than two rounds. Additionally, all rounds should be aimed at specifically designated targeted areas of the body so as to minimize the potential for injury.

21. Despite the clear knowledge that the Sage SL6 Launcher could cause permanent injury and/or death if used and/or deployed improperly, the Defendant Officer ARCHAMBAULT deployed the Sage SL6 Launcher against Plaintiff ZAFFIS in such a reckless and negligent manner as to cause serious and debilitating permanent injury and disfigurement so as to constitute an excessive use of force.

22. Knowing that the use of the Sage SL6 Launcher would cause serious and severe injury to the victim, the Defendant Officer ARCHAMBAULT summoned a rescue unit from Seminole County Fire & Rescue to stand by on scene.

23. When given a pre-agreed upon signal by Officer Ruiz, Defendant Officer ARCHAMBAULT, fired four (4) KO1, Sage baton rounds from a Sage SL6 Launcher at the body of ZAFFIS, while Plaintiff ZAFFIS was still sitting on her bed in a non-threatening and non-violent manner. Defendant Officer ARCHAMBAULT shot Plaintiff ZAFFIS four (4) times; once in the left thigh between the knee and the hip, once in the right breast splitting the nipple open; once in the right chest above the right breast and once directly below the right breast causing Plaintiff ZAFFIS to sustain life-threatening injuries to her person. Three of the fours shots that hit ZAFFIS were fired at an area of the body prohibited by department policy due to the likelihood of serious injury or death if a person is shot in those areas.

24. Immediately realizing that the Sage SL 6 baton rounds had penetrated the body of Plaintiff ZAFFIS, which created life-threatening injuries, Officers of Defendant ALTAMONTE SPRINGS summoned a rescue unit from Seminole County Fire & Rescue into the residence of Plaintiff ZAFFIS. The paramedics immediately provided emergency medical treatment and rushed Plaintiff ZAFFIS to the Orlando Regional Medical Center for urgent care and treatment for her life-threatening injuries.

25. As a result of the excessive force, recklessness, neglect and deliberate indifference to the health and well-being of Plaintiff ZAFFIS, Plaintiff ZAFFIS has and continues to suffer severe and debilitating injuries to her body with penetration wounds to her left thigh, right chest and right breast.

26. As a result of the excessive use of force, recklessness, neglect and deliberate indifference to the health and well being of Plaintiff ZAFFIS, Plaintiff ZAFFIS has had multiple surgeries in an attempt to repair the inner lining of her right breast wall. These surgeries continue to cause Plaintiff ZAFFIS severe and debilitating pain and suffering to her right chest and right breast.

27. Defendant Officer ARCHAMBAULT knew or should have known the severe consequences of shooting Plaintiff ZAFFIS with the Sage SL6 Launcher from such close range, when less lethal force was available.

28. As equally outrageous as the unlawful use of excessive force, are the actions of the other Officers of the Defendant ALTAMONTE SPRINGS, who continued the reckless and negligent conduct with absolute and deliberate indifference to Plaintiff ZAFFIS' medical needs after the shooting on July 8, 2005. The Officers of the Defendant ALTAMONTE SPRINGS repeatedly and unlawfully broke and entered the residence of Plaintiff ZAFFIS under the guise of additional welfare checks and under the Baker and Marchman Act Statutes for the sole purpose of attempting to show a mental instability of the Plaintiff ZAFFIS so as to attempt to justify the unlawful use of excessive force by Defendant Officer ARCHAMBAULT on July 8, 2005.

29. As a direct and proximate result of the foregoing acts of deliberate indifference and excessive use of force by Defendant Officer ARCHAMBAULT, Plaintiff ZAFFIS has suffered and continues to suffer great bodily injury and resulting pain and suffering, mental anguish, loss of earning capacity, medical and nursing expenses, loss of capacity for the enjoyment of life, permanent disfigurement and permanent disability. These damages are either permanent or continuing, and Plaintiff ZAFFIS will suffer such losses and damages in the future.

## **CAUSES OF ACTION**

## COUNT I
## PLAINTIFF'S FOURTH AMENDMENT CLAIM AGAINST DEFENDANT ARCHAMBAULT, INDIVIDUALLY, FOR EXCESSIVE USE OF FORCE, COGNIZABLE UNDER 42 U.S.C. § 1983

30. Plaintiff re-alleges and adopts, as if set forth fully herein, the allegations of paragraphs 1-29.

31. Defendant Officer ARCHAMBAULT, by direct act, personally participated in the arrest and detention of the Plaintiff ZAFFIS in a manner, which constituted an excessive use of force under the standards set fort in the Fourth Amendment of the United States Constitution.

32. The conduct of Defendant Officer ARCHAMBAULT, towards Plaintiff ZAFFIS was an objectively unreasonable use of excessive force and violated Plaintiff ZAFFIS' clearly established rights to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

33. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff ZAFFIS has and continues to suffer grievously, has been brought into public scandal, and with great humiliation and mental and physical pain and suffering.

34. As a further direct and proximate result of the conduct of the Defendant Officer ARCHAMBAULT, Plaintiff ZAFFIS suffered injury, loss of her liberty and freedom, mental anguish, loss of capacity for the enjoyment of life loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff ZAFFIS will suffer losses in the future, in violation of Plaintiff ZAFFIS' civil rights. Plaintiff ZAFFIS also agreed to pay the undersigned counsels a reasonable fee for their services herein.

WHEREFORE, Plaintiff ZAFFIS prays:

    a. Judgment for compensatory damages;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

    e. Trial by jury on all issues so triable; and

    f. Such other relief as this Court may deem just and appropriate.

**COUNT II**
**PLAINTIFF'S CUSTOM, POLICY AND PRACTICE CLAIM AGAINST CITY OF ALTAMONTE SPRINGS, COGNIZABLE UNDER 42 U.S.C. § 1983**

35. Plaintiff re-alleges and adopts as set forth fully in Count I, the allegations of paragraphs 1 – 29.

36. At all times relevant herein, Defendant ALTAMONTE SPRINGS was the final policy maker for matters occurring within the Altamonte Springs Police Department and the officers employed by the Altamonte Springs Police Department acted under the direction and control of Defendant ALTAMONTE SPRINGS, and pursuant to the official policy or the practice, custom, and usage of ALTAMONTE SPRINGS, or as a result of the lack of official policy.

37. Acting under color of law, by and through the policymakers of the Defendant ALTAMONTE SPRINGS, and pursuant to either official policy or the practice, custom, and usage of the Defendant, ALTAMONTE SPRINGS, or the lack of official policy, Defendant, ALTAMONTE SPRINGS, intentionally, knowingly, recklessly, or with deliberate indifference to the rights, privileges and immunities granted by the United States Constitution, failed to instruct, supervise, control and/or discipline, on a continuing basis, its agents, servants, and employees, so to prevent the unlawful seizure through the use of excessive force of Plaintiff, in

violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

38. Defendant, ALTAMONTE SPRINGS, had knowledge of or, had it diligently exercised its duties to instruct, supervise, control and discipline its agents and/or employees on a continuing basis, should have had knowledge of the wrongs that were done, as heretofore alleged, or that other unlawful or unconstitutional acts were going to be committed. Defendant, ALTAMONTE SPRINGS, had power to prevent or aid in the prevention of the commission of said wrongs, could have done so, and intentionally, knowingly or with deliberate indifference to the constitutionally protected rights of others, failed or refused to do so.

39. Defendant, ALTAMONTE SPRINGS, directly or indirectly, under color of law, approved or ratified the unlawful and deliberately indifferent conduct heretofore described.

40. The official policy, or the lack of necessary policies and/or the practice, custom and usage of Defendant, ALTAMONTE SPRINGS, caused the deprivation of Plaintiff's constitutionally protected rights contrary to the United States Constitution and 42 U.S.C § 1983.

41. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff ZAFFIS has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

42. As a further direct and proximate result of the conduct of the Defendant, ALTAMONTE SPRINGS, Plaintiff ZAFFIS suffered injury, loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff ZAFFIS will suffer losses in the future, in violation of Plaintiff ZAFFIS'

civil rights. Plaintiff ZAFFIS also agreed to pay the undersigned counsels a reasonable fee for their services herein.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

    e. Trial by jury on all issues so triable; and

    f. Such other relief as this Court may deem just and appropriate.

## CLAIMS FOR RELIEF

43. Each of the Defendants demonstrated deliberate indifference to Plaintiff ZAFFIS' constitutional rights to be free from the use of excessive force at the hands of law enforcement officers of the Altamonte Springs Police Department.

44. The actions of Defendants set forth above violated Plaintiff ZAFFIS' rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution not to be subject to unlawful search and seizure and to free from cruel and unusual punishment, unlawful detention and the excessive use of force.

45. As a result of the actions and inactions of defendants, plaintiff suffered the damages set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendants, jointly and severally, for compensatory damages as proven at trial; for an award of punitive damages against the individual Defendant Officer ARCHAMBAULT and Defendant ALTAMONTE SPRINGS

jointly and severally; for costs, expenses, and attorneys' fees in this action pursuant to 42 U.S.C. §1983; for an order declaring that the Defendants have acted in violation of the United States Constitution; for an order enjoining the Defendants from engaging in any of the unlawful acts, omissions, or practices complained of herein, and such other and further relief as this Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues.

Dated: March 23rd, 2006

Respectfully submitted,

Ronald J. Kurpiers, II, Trial Counsel
Florida Bar No.: 0567140
Patrick W. Harland, Jr., Trial Counsel
Florida. Bar No.: 0226350
Kurpiers Harland, P.A.
696 First Ave. N., Suite 304
St. Petersburg, FL 33701
(727) 898-1221
Fax (727) 898-1223
Attorneys for Plaintiff
pharland@khtriallawyers.com
rkurpiers@khtriallawyers.com