# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELLEN ZAFFIS,**

                 **Plaintiff,**

**-vs-**                                       **Case No.  6:06-cv-385-Orl-31DAB**

**CITY OF ALTAMONTE SPRINGS,**
**FLORIDA and DAVID ARCHAMBAULT,**

                 **Defendants.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT DAVID ARCHAMBAULT'S MOTION TO COMPEL DISCOVERY (Doc. No. 39)** |
| **FILED:** | **September 25, 2006** |
| | _____ |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |
| **MOTION:** | **DEFENDANT CITY OF ALTAMONTE SPRINGS' MOTION TO COMPEL DISCOVERY (Doc. No. 41)** |
| **FILED:** | **September 29, 2006** |
| | _____ |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

      On July 5, 2006, Defendant City of Altamonte Springs served Plaintiff with Interrogatories and Request for Production, with responses due on August 9, 2006. *See* Doc. No. 41-1, 41-2. The City gave Plaintiff a fifteen day extension of time to respond to the discovery, making the

discovery responses due on September 6, 2006.  The City filed its Motion to Compel at twenty-two days past the agreed extension date.

On July 17, 2006, Defendant Archambault served Plaintiff with Interrogatories and Request for Production, with responses due on August 17, 2006. *See* Doc. No. 39 Ex. 1 & 2.  Archambault gave Plaintiff a fifteen day extension of time to respond to the discovery, making the discovery responses due on September 6, 2006.  On September 15, 2006, Archabault's counsel wrote to Plaintiff's counsel requesting a response to the discovery, which had not been received at the time the Motion to Compel was filed on September 25, 2006.  Plaintiff did not file a response to either Motion to Compel.

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including dismissal, when the party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2).[1]  Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process.  *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at all at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders.  It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of

---

[1] Rule 41(b) also authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b).

-2-

the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court.  Fed. R. Civ. P. 37.  Plaintiff has failed to respond to properly propounded discovery and the Motions to Compel.

Pursuant to Federal Rule of Civil Procedure 37(a), it is **ORDERED** that Plaintiff respond to Defendants' Interrogatories and Requests for Production (Doc. No. 39 Ex. 1 & 2; 41-1, 41-2) **within 11 days of the date of this ORDER**.  Motion costs of $250.00 are granted to each Defendant **payable within 11 days of this Order.  Failure to comply with this ORDER will result in an Order to Show Cause why Plaintiff and her counsel should not be sanctioned further for contempt.**

**DONE** and **ORDERED** in Orlando, Florida on October 24, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-3-