**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELLEN ZAFFIS,**

            **Plaintiff,**

**-vs-**                          **Case No. 6:06-cv-385-Orl-31DAB**

**CITY OF ALTAMONTE SPRINGS,**
**FLORIDA and DAVID ARCHAMBAULT,**

            **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **DEFENDANT CITY OF ALTAMONTE SPRINGS' AMENDED MOTION TO COMPEL UNALTERED EXECUTED HIPPA RELEASES (Doc. No. 51)**
>
> **FILED:** February 15, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.
>
> **MOTION:** **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) (Doc. No. 52)**
>
> **FILED:** February 23, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part.**

Plaintiff is suing Defendants under 42 U.S.C. § 1983 for excessive force claims arising from a police shooting on July 8, 2005 in which she was injured.  At the time the police arrived at Plaintiff's home on July 8, 2005, she was holding a loaded handgun.  Police officers shot Plaintiff four times with cork-shaped polyurethane projectiles which injured her left thigh and chest area.  Plaintiff was involuntarily Baker Acted.  Plaintiff's suit seeks damages for physical and emotional damages as a result of the shooting.

Defendant City of Altamonte Springs ("City") timely sought discovery from Plaintiff, including execution of HIPAA releases for various healthcare providers.  Plaintiff executed the releases but restricted the discoverable dates of service to July 8, 2005, the date of the incident alleged in her Complaint.  Doc. No. 51-2, 51-3.  When Plaintiff refused to execute the unaltered releases, the City filed this Motion to Compel.  Doc. No. 51.  The City seeks "the entire body of medical records relevant or pertaining to Plaintiff's physical and mental well-being" or the "full unabridged history of Plaintiff's physical and mental condition."  Doc. No. 51.

Plaintiff contends that the City is on a fishing expedition for any and all medical records, even those concerning the births of her nine and fourteen year old children and old wrist injuries.  She argues that the City is trying "to turn this litigation into a complete indictment of the Plaintiff's past emotional well being."  Doc. No. 52.  Plaintiff seeks a protective order limiting the City to medical records either no more than three years prior to July 8, 2005 or limited to the injuries sustained in the incident.  In addition, Plaintiff seeks an order limiting the dissemination or disclosure of any records obtained.

Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  FED. R. CIV. P. 26(b)(1).

Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Rule 26(c) also provides that on a showing of "good cause," the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

Plaintiff states a claim for mental suffering as pled in the Complaint. Doc. No. 1. Since Plaintiff has placed her mental health in issue, the City is entitled to discover, within reason, the state of Plaintiff's mental health, and the nature of the other stressors relating to her health, during the relevant time period. That said, however, the Releases at issue provide no time period (Doc. Nos. 51-2, 51-3), and are thus properly objectionable on that basis. The Court fails to see the relevance of medical information decades prior to the incident alleged in the Complaint. The motion is granted, to the extent that the time span is limited to five years prior to the date of the incident.

Moreover, even if the releases were appropriately tailored to reflect the relevant time period, Defendant has not established the relevancy of *all* medical records. "Courts considering the issue have generally found that the identities of health providers, the dates of treatment and the nature of the treatment are relevant to claims for emotional distress damages."*Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 471 (N.D. Tex. 2005) (citing *Owens v. Sprint/United Management Co.*, 221 F.R.D. 657, 659-660 (D. Kan. 2004); *Jackson v. Chubb Corp*., 193 F.R.D. 216, 219 (D. N.J. 2000); *Vinson v. Humana, Inc.*, 190 F.R.D. 624, 627 (M.D. Fla. 1999); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 310 (N.D. Ill. 1999); *Fox v. The Gates Corp*., 179 F.R.D. 303, 305 (D. Colo. 1998); *LeFave v. Symbios, Inc*., 2000 WL 1644154, at 2 (D. Colo. Apr. 14, 2000).) To the extent Plaintiff has privacy concerns

regarding releasing this information, such can be resolved by a confidentiality stipulation between the parties.

Thus, Plaintiff's Motion for Protective Order is **granted in part and denied in part,** as is the corresponding City's Amended Motion to Compel a release for Plaintiff's medical records. The parties are directed to confer regarding a confidentiality stipulation, and Plaintiff shall provide the identities of her healthcare providers (including mental professionals and providers) for a period of five years prior to July 8, 2005 up to the present, the dates of treatment and the nature of the treatment, with enough specificity to determine whether further discovery is warranted.[1]  Plaintiff is further **ordered** to execute and return releases or authorizations tendered by the City with respect to Plaintiff's relevant medical records from July 8, 2000 to the present.

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] For example, a routine physical examination or flu shot is likely not relevant, but treatment for cancer clearly would be. The Court is expecting Plaintiffs to adhere to the spirit of this Order and to disclose those matters which are outside the normal and expected maladies that befall us all.