# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELLEN ZAFFIS,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:06-cv-385-Orl-31DAB**

**CITY OF ALTAMONTE SPRINGS,**
**FLORIDA and DAVID ARCHAMBAULT,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, FOURTH REQUEST TO PRODUCE AND REQUEST TO PRODUCE RECORDS (Doc. No. 88)**
>
> **FILED:** June 12, 2007
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as untimely**.

Plaintiff seeks to compel certain interrogatories and requests for production despite the fact the discovery period closed one week ago, on June 4, 2007. *See* Doc. No. 33. Plaintiff did not serve the discovery until May 21 and May 24, 2007, thereby not allowing for the thirty days required for the opposing party to respond as required by the Case Management and Scheduling Order (entered in June 2006).

Section I.D. of Case Management and Scheduling Order provides that a party must timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline. Doc. No. 33 at 3. Plaintiff's discovery requests allowed Defendant City only fourteen days[1] to respond at best, which is not even half of the thirty days allowed under Federal Rules of Civil Procedure 33 and 34, governing such discovery. FED. R. CIV. P. 33(b)(3) and 34(b). Moreover, Plaintiff has not stated good cause for not seeking the discovery – or the depositions (May 18 and 23) which led to the need for this discovery – in sufficient time before the discovery deadline passed on June 4, 2007.

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Plaintiff mistakenly argues the responses were due in twenty days. Doc. No. 88 at 2. This is clearly incorrect. *See* FED. R. CIV. P. 33(b)(3) and 34(b)